[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In a second amended complaint the plaintiff, Mary Ellen Santos alleges that she was a passenger in a certain vehicle which was owned and operated by Mark Hermansky which was being operated in a general northerly direction on Liebert Road at or near its intersection with Jennings Road, all public highways being located in Hartford, Connecticut.
She further states that on said day and for a long time prior thereto said highway was defective and dangerous in that although the aforesaid intersection was heavily traversed in an urban area, a stop sign, which was installed for the traffic approaching the intersection from Liebert Road, was installed in a position where it could be easily obscured from an operators view.
She further states in paragraph four that as a result of the obscured stop sign, the vehicle in which the plaintiff was a passenger proceeded through said intersection without stopping and thereby collided with the vehicle owned and operated by Jorge L. Resto, which was being operated in a general easterly direction on Jennings Road at or near its intersection with Liebert Road.
In paragraph six she states that the sole and proximate cause of the collision and the plaintiff's injuries and damages were the defective and dangerous condition of the highway at this point and the failure of the defendant, City of Hartford, through and by its servant, agent and/or employee to keep the highway CT Page 4661 reasonably safe for public travel: (a) in that, although said intersection was heavily traveled in an urban area, the defendant, City of Hartford, erected only one small stop sign which was placed on the far side of said highway in a position where it could be easily obscured from an operators view, especially at night; (b) in that, it had long had notice and knowledge or with reasonable diligence should have had notice of the condition of said highway yet failed to remedy said defective condition; (c) in that, it failed to repair or fix said defective condition by not redesigning said intersection in order to decrease the risk of collision between the meeting traffic; (d) in that, it failed to make reasonable and proper inspection to discover said condition. In subparagraph (e) she further state that the City failed to warn the plaintiff of said condition. In paragraph (f) she states that it caused or permitted the accumulation of tree branches and/or debris to obscure the view of said stop sign to the users of said highway; and in (g) she further states that the City failed to place adequate traffic signals, (i.e. larger signs, well-illuminated signals, pre warning signs indicating an approaching intersection), in the area which would have warned approaching motorists of the hazardous and dangerous traffic conditions then and there existing.
The defendant City of Hartford on November 20, 1997 filed a motion for summary judgment which is based on two grounds: (1) that the plaintiff cannot sustain its burden that the alleged defect was the sole proximate cause of her injuries; and (2) that the plaintiff's claim that the intersection was defectively designed is legally insufficient and must be disregarded because plaintiff failed to give the required statutory notice of such a claim. With said motion for summary judgment the defendant filed excerpts from a deposition of Hermansky and a copy of the notice sent to the City. In this deposition, which is under oath and as to which there was cross-examination, Hermansky states that as he proceeded on Liebert Road he saw a warning sign notifying him that a stop sign was beyond that. He stated after further questioning that he saw the stop sign. He stated that the warning sign was approximately 200 feet prior to the stop sign.
Both the plaintiff and the defendant have filed briefs and the defendant has filed a reply brief. The plaintiff places any responsibility for the City upon obstruction and location of the stop sign and alleged failure to indicate any warning. The affidavit of the motor vehicle operator clearly states that there CT Page 4662 was a warning sign; that he saw it and that there was a stop sign and he saw that. He further states that he stopped at the stop sign and then proceeded cautiously to go out into the intersection. The plaintiff alleges that in an affidavit of a passenger in the car it "appeared" to him that Hermansky failed to see the stop sign and went through it. No such affidavit was filed with the plaintiff's memorandum. The plaintiff also alleges that the city caused or permitted the accumulation of branches and or debris which obscured the stop sign to the users of the highway.
According to the evidence supplied by the plaintiff, the City had not only placed a stop sign where it could be seen but also had placed a warning sign prior to that stop sign, both of which were seen by the driver of this motor vehicle. Whether it could be seen by other users of the highway is not germane to the issues in this case since this court is concerned only with the facts pertaining to this particular motor vehicle collision. Since the alleged defect did not obscure the driers view of the stop sign, the alleged defect could not have been the sole proximate cause of the accident.
In addition to the above facts the allegation by the plaintiff in paragraph 4 that the collision was caused by the driver of the motor vehicle ignoring the sign is inconsistent with the allegation that the city was the sole proximate cause. The plaintiff cannot sustain its burden of proving that the City was the sole proximate cause of her injuries. In other words, with respect to the City of Hartford there is no genuine issue of a material fact and for this reason the court grants the summary judgment.
The court is not unmindful of the allegation as to the overgrowth of brush, etc. but points out that while Hermansky in his deposition referred to such overgrowth, the plaintiff's allegations are that it obscured the stop sign. Hermansky has pointed out that it did not obscure the stop sign to him but that it obscured the area past the stop sign. Also, there is no indication in the complaint as to who owned or was responsible for the area where this alleged condition occurred.
With respect to the second allegation in the motion for summary judgment, the court cannot agree with the defendant. In the opinion of the court the notice to the city was broad enough to encompass the use of the word "redesigning" in paragraph 6(c). CT Page 4663
Judgment may enter for the defendant, City of Hartford.
Hale, J.